**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DUANE GERALD DAVIS, SR.                    *

   Plaintiff *pro se*                    *

    v                    *                    Civil Action No.  GLR-12-3570

STATE OF MARYLAND,                    *
GOVERNOR MARTIN O'MALLEY,
JAMES W. JOHNSON, *Baltimore County*                    *
 *Chief of Police*
GREGG L. BERNSTEIN, *Baltimore City*                    *
 *State's Attorney*
SCOTT D. SCHELLENBERGER,                    *
 *Baltimore County State's Attorney*
            *
   Defendants
           ***

**MEMORANDUM OPINION**

Pending are a Complaint and Motion to Proceed in Forma Pauperis filed by self-represented Plaintiff Duane Gerald Davis, Sr.  Davis captions the Complaint as one for "Fraud, Unlawful Breach of Fiduciary Duty, and for Declaratory Relief, as well as a Writ of Mandamus." As best as can be discerned, Davis claims the Baltimore County Police Department improperly confiscated his property "by a purported search warrant" that was never served on him.  ECF No. 1 at 3.  The property includes a 1999 Chevrolet Suburban, a daily diary from 1986, a briefcase with legal materials, business documents, a video camera, a digital camera, SD cards, video documentaries, a book entitled "The Minority Report," and keys.  As relief, Davis is seeking damages. The Complaint will be dismissed without prejudice for reasons to follow.

Preliminarily, the Court observes Davis has failed to complete his financial affidavit in an accurate and complete manner.  Specifically, Davis lists rental housing payments as his only expense and shows no income.  Under these circumstances, the Court is unable to assess his eligibility to proceed as an indigent.

Although named as Defendants, no claims are presented against the State of Maryland, Governor Martin O'Malley, or Baltimore City State's Attorney Gregg L. Bernstein.   For this reason, they will be dismissed as parties.

Davis' claims against the remaining Defendant, Assistant States Attorney Scott Schellenberger, will also be dismissed.   Prosecutors such as Assistant States Attorney Scott Schellenberger, are entitled to immunity for activities in, or connected with, judicial proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259, 272–73(1993); Burns v. Reed, 500 U.S. 478 (1991); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000).

Davis fails to identify when he was convicted or on what charges.   He fails to allege when the confiscation occurred, why the search warrant was improper, his efforts, if any, to reclaim his property administratively or in the state courts of Maryland, or state reasons why he believes the property is in the custody of the state.   Davis cannot bring a claim for damages that implies the invalidity of a conviction that has not been overturned.   See Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Lastly, this Court is without jurisdiction to compel the State of Maryland and its officials to return Plaintiff's property. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. See United States v. Oncology Associates, 198 F.3d 502, 510 (4th Cir. 1999).   Accordingly, the Court will dismiss this case by separate Order to follow.

January11, 2013                                          /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge

2